# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Deborah S. Hunt
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: November 30, 2021

Mr. Christopher David Wiest
Law Office
25 Town Center Boulevard
Suite 104
Crestview Hills, KY 41017

Re:  Case No. 21-4061, *Andrew Mitchell, et al v. Cty of Cincinnati, OH, et al*
Originating Case No. : 1:21-cv-00626

Dear Counsel,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Roy G. Ford
Case Manager
Direct Dial No. 513-564-7016

cc:  Ms. Donyetta D. Bailey
Mr. Thomas Bernard Bruns
Mr. Zachary Gottesman
Mr. William Christopher Hicks
Mr. Richard W. Nagel

Enclosure

No. 21-4061

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 30, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ANDREW MITCHELL, et al., | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CITY OF CINCINNATI, OH, et al., | ) | |
| | ) | |
| Defendants-Appellees, | ) | |
| | ) | |
| BRIAN NORRIS, | ) | |
| | ) | |
| Intervenor-Appellee. | ) | |

Before: SUHRHEINRICH, COLE, and BUSH, Circuit Judges.

Plaintiffs Andrew Mitchell and David Schofield, lieutenants in the Cincinnati Police Department ("CPD"), appeal from the district court's order denying their motion for injunctive relief in this civil rights suit alleging that CPD's promotion scheme violates the Equal Protection Clause of the Fourteenth Amendment. They move for an injunction pending appeal. Lieutenant[1] Brian Norris, intervenor below, responds in opposition. Defendants the City of Cincinnati and Mayor John Cranley have not responded.

We have "the power to grant an injunction pending appeal to prevent irreparable harm to the party requesting such relief during the pendency of the appeal." *Overstreet v. Lexington-*

---

[1] At the time of filing Norris was a lieutenant scheduled for promotion to captain and may have been promoted since.

*Fayette Urban Cnty. Gov't*, 305 F.3d 566, 572 (6th Cir. 2002) (citation omitted). "In granting such an injunction, [we] engage in the same analysis that [we do] in reviewing the grant or denial of a motion for a preliminary injunction." *Id.* (citation omitted).

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Id.* at 573. (citing *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) (cleaned up)). A district court balances four factors in determining whether to grant such relief. *Id.* These factors are: "(1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction." *Id.* (citing *Leary*, 228 F.3d at 736 (citation omitted)). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Id.* (citation omitted). "In reviewing a district court's decision to grant or deny a preliminary injunction, we review the district court's legal conclusions de novo." *Libertas Classical Ass'n v. Whitmer*, No. 20-2085, 2020 WL 6886262, at *1 (6th Cir. Nov. 20, 2020) (citing *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014)). "We review 'for abuse of discretion, however, the district court's ultimate determination as to whether the four preliminary injunction factors weigh in favor of granting or denying preliminary injunctive relief.'" *Schimmel, 751 F.3d at 430* (citation omitted).

The district court assumed, without deciding, that Plaintiffs were likely to succeed on the merits of their claims. But the district court denied preliminary injunctive relief after finding that Plaintiffs failed to establish that they would be irreparably harmed absent such relief. Plaintiffs have not shown a likelihood that the district court's overall holding was an abuse of discretion.

Plaintiffs allege that CPD's promotion procedure violates their constitutional rights under the Equal Protection Clause of the Fourteenth Amendment. We recently considered a motion for injunction pending appeal in a case challenging the constitutionality of the 1987 Consent Decree's promotion scheme in *Kohler v. Cincinnati*, No. 21-3466, slip op. at 3–5 (6th Cir. Nov.1, 2021), as applied to a sergeant seeking promotion to lieutenant. This court denied injunctive relief on the ground that the plaintiff, Sergeant Kohler, could not establish an imminent risk of irreparable injury as required for injunctive relief. *Id.*

"Irreparable harm is an 'indispensable' requirement for a preliminary injunction, and 'even the strongest showing' on the other factors cannot justify a preliminary injunction if there is no 'imminent and irreparable injury.'" *Memphis A. Philip Randolph Inst. v. Hargett*, 978 F.3d 378, 391 (6th Cir. 2020) (quoting *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 326–27 (6th Cir. 2019)). "To merit a preliminary injunction, an injury 'must be both certain and immediate,' not 'speculative or theoretical.'" *Id.* (quoting *D.T.*, 942 F.3d at 327 (cleaned up)). Even an alleged deprivation of a constitutional right is insufficient unless the deprivation is imminent. *Kohler*, No. 21-3466, slip op., at 4 (citing *Pinson v. Pacheco*, 397 F. App'x 488, 491–92 (10th Cir. 2010)); *see also Hargett*, 978 F.3d at 391 (finding the irreparable-injury requirement not satisfied where plaintiffs were "not facing a certain and immediate risk of harm" to their constitutional rights).

In *Kohler*, we concluded that the alleged injury was too speculative and not sufficiently imminent because "any possibility that Kohler will be denied a promotion due to the challenged quota system hinges on a host of undetermined factors." *Kohler*, No. 21-3466, slip op. at 4–5. The same is true in this case. To be sure, Plaintiffs' claims in this case are more proximate than Kohler's—Kohler had not yet even sat for the lieutenant's exam—but they are still not imminent; the parties cannot predict whether Plaintiffs will be promoted from the current list before it expires

No. 21-4061
-4-

on May 16, 2022, because future promotions hinge on a number of undetermined factors. *See, e.g.*, *id.* at 4. If there are additional vacancies before the list expires, one or both Plaintiffs will be promoted regardless of the double fill.[2] Lacking an imminent irreparable injury, Plaintiffs are not entitled to an injunction pending appeal. *See Kohler*, No. 21-3466, slip op. at 4–5; *Hargett*, 978 F.3d at 386.

The motion for injunction pending appeal is **DENIED**.

ENTERED BY ORDER OF THE COURT

_____
Deborah S. Hunt, Clerk

---

[2] Plaintiffs also argue that, absent an injunction, Lieutenant Norris may have a higher seniority than them and that affects their vacation, and this harm justifies an injunction. However, loss of seniority and other employment benefits "falls far short of the type of irreparable injury which is a necessary predicate to the issuance of temporary injunction[.]" *Sampson v. Murray*, 415 U.S. 61, 91–92 (1974).