# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| ANDREW MITCHELL, ET AL., | : | Case No. 1:21CV626 |
| Plaintiffs, | : | Judge Michael R. Barrett |
| v. | : | **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR ATTORNEY FEES AND COSTS** |
| CITY OF CINCINNATI, ET AL., | : | |
| Defendants. | : | |

Defendants hereby submit their Memorandum in Opposition to Plaintiffs' Application for Attorneys' Fees and Costs. (Doc. 41).

                                      Respectfully submitted,

                                      **EMILY SMART WOERNER** (0089349)
                                      City Solicitor

                                      *s/ William C. Hicks*
                                      William C. Hicks (0068565)
                                      Chief Counsel
                                      Katherine C. Baron (0092447)
                                      Sr. Asst. City Solicitor
                                      City Hall, Room 214
                                      801 Plum Street
                                      Cincinnati, Ohio 45202
                                      Telephone: (513) 352-3329
                                      Fax: (513) 352-1515
                                      Email: William.Hicks@cincinnati-oh.gov
                                                  Katherine.baron@cincinnati-oh.gov
                                      Counsel for Defendants

## INTRODUCTION

Plaintiffs submitted a motion for over $208,000 in attorney fees and costs for a case in which they achieved little success. The vast majority of the efforts expended were on injunctive relief, which was denied at every turn. Further, Plaintiffs achieved nothing to change the legal relationship between the parties. As the degree of success is the most important factor in evaluating the reasonableness of attorney fees, Plaintiffs' fees request should be greatly reduced.

## FACTS

On September 29, 2021, Plaintiffs filed both a Verified Complaint as well as an Emergency Motion for Restraining Order and Preliminary Injunction related to Defendants' use of the 1987 Consent Decree that governs promotions to the ranks of Lieutenant and Captain. (Docs.1 and 2). The 1987 Consent Decree was entered in the Hamilton County, Ohio Court of Common Pleas in the case of *Sentinel Police Association, et al., v. City of Cincinnati*, No. A8704567. The 1987 Consent Decree's purpose is to ensure "that blacks and females are not disadvantaged by promotion practices within the City of Cincinnati and that any disadvantage to blacks and females which may have resulted from any past discrimination be remedied . . . so that equal promotional opportunity is provided to all."

The 1987 Consent Decree is modeled on the 1981 Consent Decree between the City and the United States of America, which was entered in this Court in the case of *United States of America v. City of Cincinnati, et al.,* No. 1-80-369 (S.D. Ohio). Both the 1987 Decree, and the 1981 Decree contain sex- and race-based criteria for hiring

and/or promoting individuals in the City's police department. This process is known as the "rule of four." While promotions are determined in order of one's rank on the promotional list until the list expires, after every fourth promotion the police department review the race and sex of the previous four promotions. If no African-American or female was promoted in the group of four, the City promotes the next highest ranked African-American or female on the promotional list and this additional position is referred to as a "double-fill."

On September 15, 2021, approximately two weeks before the filing of this action, Judge Susan J. Dlott issued an order granting the United States' Motion to Modify the 1981 Consent Decree to remove the sex- and race-based goals and eliminate the "rule of four" and "double-fill" process. *United States v. City of Cincinnati*, 2021 U.S. Dist. LEXIS 175084 (S.D. Ohio). Then on September 29, 2021, Plaintiffs filed both a Verified Complaint as well as an Emergency Motion for Restraining Order and Preliminary Injunction related to the 1987 Decree.

The Complaint contained one count alleging a violation of the Equal Protection Clause and asked this Court to declare the 1987 Consent Decree unconstitutional. The Emergency Motion sought to prohibit Defendants' enforcement of the 1987 Consent Decree and preclude Lieutenant Brian Norris from being promoted to Captain pursuant to the double fill process prescribed by the Decree and before either of the Plaintiffs were promoted. (Doc. 1 PageID 10).

After limited discovery, this Court held an evidentiary hearing on October 27, 2021, on the request for injunctive relief. Shortly thereafter, on November 14, 2021,

this Court denied Plaintiffs' requested relief on standing grounds, finding that they failed to demonstrate irreparable harm because they did not establish the required imminence and immediacy for a preliminary injunction. The alleged harm was determined to be both speculative and theoretical and not certain or immediate. *Mitchell v. City of Cincinnati*, 2021 U.S. Dist. LEXIS 219429 (S.D. Ohio).

To this point in the litigation the vast majority of the work revolved around Plaintiffs' unsuccessful request for injunctive relief, and it continued for the duration of the case. Specifically, immediately after denial of their request for a preliminary injunction, Plaintiffs filed an Emergency Motion for Injunction Pending Appeal. (Doc. 30). This motion was denied in a notation order on November 15, 2021. Plaintiffs then filed their Notice of Appeal on November 16, 2021. Undeterred by the prior rulings, Plaintiffs filed another emergency motion for an injunction pending appeal with the Sixth Circuit Court of Appeals. As with the prior filings, a motions panel of the Sixth Circuit denied the motion due to the lack of imminent irreparable injury. (Doc. 16). The Sixth Circuit relied in large part on its prior decision on a similar motion filed in *Kohler v. City of Cincinnati*, No. 21-3466, slip op. at 3-5 (6th Cir. Nov. 1, 2021). In *Kohler*, another Cincinnati police officer challenged the 1987 Consent Decree and was denied an injunction pending appeal on similar grounds as this case. Notably, the officer in *Kohler* was represented by two of the attorneys representing Mitchell and Schofield, including the filer of the motion.

Finally, the matter proceeded to the merits and was argued on July 15, 2021. (Doc. 46). On September 29, 2022, the Sixth Circuit issued its opinion affirming the

judgment of this Court denying the preliminary injunction on standing grounds. *Mitchell v. City of Cincinnati*, 2022 U.S. App. LEXIS 27444 (6th Cir.). The Sixth Circuit noted that even without the existence of the Consent Decree and the double-fill rule Plaintiffs would not have been promoted. *Id.* at 8-9. As such, the Court concluded that there was no imminent irreparable harm. *Id.*

After the case was remanded to this Court the parties agreed to mediation and held a Settlement Conference on December 5, 2022. While not initially successful, the mediation efforts continued, and the Court conducted ex parte conferences with the parties in an attempt to resolve the matter. All deadlines in the case were terminated and little to no work was done on discovery or active litigation of the merits of the claim. Finally, Defendants submitted Offers of Judgment to both Plaintiffs under Civil Rule 68 in the amount of $75,000 but did not accept liability and there was no finding of liability against any Defendant. These Offers of Judgment were accepted on March 5, 2024. Plaintiffs now move this Court for attorney fees and costs of $205,652.43 and $3,021.40 respectively.

## **ARGUMENT**

42 U.S.C. § 1988(b) provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs" in an action or proceeding brought to enforce civil rights.

The method used to determine an appropriate attorney fee award, the loadstar method, is well settled. In a normal case the "the number of hours reasonably

expended on the litigation is multiplied by a reasonable hourly rate" to determine the appropriate attorney fee award. However, this is not a normal case.

To aid the Court in determining reasonable attorneys' fees, the City will first provide legal arguments supporting its position that Plaintiffs' fee request should be reduced and then delves into a more reasonable calculation of fees.

1. **A Reduction in Plaintiffs' Fee Request is Well Supported by Law and Comparison to Similar Cases.**

Plaintiffs' fee request should be reduced for a multitude of reasons including that Plaintiffs (1) only achieved a marginal degree of success and the areas they did achieve some success were not where they expounded the majority of their work, (2) they are unable to rely on the filing of the state court consent decree litigation to support a claim that there was a change in legal relationship between the parties, (3) the actions on the part of the City were voluntary or taken due to other orders, not the actions of Plaintiffs, and (4) the hourly rate for each of the attorneys is excessive.

   **A. Plaintiffs' attorneys' fees are excessive considering the marginal degree of success they achieved.**

In determining what a reasonable fee might be under these circumstances, the "most critical factor is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). As the United States Supreme Court has noted, "work on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved.'" *Id.* (quoting *Davis v. County of Los Angeles*, 8 E.P.D. at 5049). "In all cases, the attorneys' fee awards are to be proportional to the prevailing parties' degree of success." *Perrea v. Cincinnati Pub. Schs.*, 2010 U.S. Dist. LEXIS

125398, at *16 (quoting *Granzeier v. Middleton*, 173 F.3d 568, 578 (6th Cir. 1999)). If a plaintiff "obtains limited success, the district court should award only that amount of fees that is reasonable in relation to the success obtained." *Isabel v. City of Memphis*, 404 F.3d 404, 416 (6th Cir. 2015); *see also Seaway Drive-In, Inc. v. Clay*, 791 F.2d 447, 450 n.7 (6th Cir. 1986). Where a plaintiff has achieved only partial success, the lodestar method may result in an "excessive amount." *Hensley,* 461 U.S. at 436. Moreover, if unsuccessful claims are sufficiently distinct or unrelated to the claim on which a plaintiff is successful, then the plaintiff is not entitled to fees for work on the unsuccessful claim. Claims are considered related where they arise out of a "common core of facts or are based on related legal theories." *Deja Vu v. Metro. Gov't of Nashville & Davidson County,* 421 F.3d 417, 423 (6th Cir. 2005) (quoting *Thurman v. Yellow Freight Systems, Inc.*, 90 F.3d 1160, 1169 (6th Cir. 1996)).

Here, Plaintiffs were entirely unsuccessful on the claims for injunctive relief and notably, this is where they expounded the greatest amount of work.

The work on injunctive relief is distinct and unrelated to the ultimate determination on the constitutionality of the Decree. Specifically, the injunction claims required an assessment of Plaintiffs' standing and the potential imminent and irreparable harm of the Decree on them personally. While the challenge to the merits of the Decree had nothing to do with the idea of standing or potential imminent and irreparable harm. Meaning, the claim on the merits in no way relied on the facts and analysis specific to Plaintiffs' injunctive relief.

Further, Plaintiffs' claims failed to change the legal relationship between the parties. The primary goals of the litigation were to (1) enjoin the enforcement of the Consent Decree pending this lawsuit and (2) to preclude Brian Norris from being promoted ahead of Plaintiffs, neither of which occurred. (Doc. 1, PageID 9-10). The Decree was not enjoined, Brian Norris was promoted to Captain, and Plaintiffs remain at the rank of Lieutenant. The Court declined to enjoin the Decree because Plaintiffs had failed to demonstrate they had standing for injunctive relief because they could not establish an imminent risk of irreparable harm from the consent decree. In fact, as the Sixth Circuit noted, even without the Consent Decree and the double-fill rule, the Plaintiffs still would not have been promoted and they would only have been impacted if a speculative sequence of future events occurred.

While Plaintiffs did accept an offer of judgment that entitles them to some fees, the overwhelming majority of the work in this matter was done on the wholly unsuccessful quest for injunctive relief. Additionally, the fees were compounded by the completely meritless filings for emergency stays in both this Court and Sixth Circuit. Which, given counsel's experience with the *Kohler* case, they should have known their likelihood of success in asking for emergency stays was minimal. Like in this case, the Court in *Kohler* denied plaintiff's motion for a stay as the risk of irreparable harm was not imminent where his promotion hinged on "a host of undetermined factors, including his eventual test score and the race, sex, and test score of each other eligible applicant." *Kohler* slip op. at 4. In this case, the Court

citing to *Kohler* said, "the same is true in this case" and denied the stay. (Doc. 16-1, p. 3).

### B. Plaintiffs were not parties to the state court consent decree litigation and are therefore unable to rely on the filing in that case to support their claimed attorneys' fees.

Plaintiffs may argue that they are entitled to their full attorneys' fees because the City filed a motion to modify the Decree in the state court action; however, Plaintiffs were not parties to that matter. Specifically, the Eighth Circuit declined to award attorneys' fees to a party that obtained no relief in federal court but prevailed in a parallel state court action. *See Quinn v. Missouri*, 891 F.2d 190, 191 (8th Cir. 1989). In *Quinn*, the plaintiff in the successful state court action was the same as the plaintiff in the federal court action. Here, the parties in the state court action are different. This rationale for declining a fee award is even stronger in the present case than in *Quinn* because Plaintiffs were uninvolved in the state court action and cannot rely on the following on that action to support their attorneys' fees.

### C. Plaintiffs' lawsuit did not result in a court-ordered change in the legal relationship between the parties.

Next, Plaintiffs may rely on the catalyst theory for attorneys' fees; however, the U.S. Supreme Court has rejected that theory. Under the catalyst theory, a plaintiff is considered the prevailing party if the lawsuit brought about a voluntary change in defendants' conduct. *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 602 (2001). However, courts now hold that a defendant's voluntary change, even if precipitated by litigation, does not amount to

the requisite "court-ordered change in the legal relationship" between plaintiff and defendant. *See McQueary v. Conway*, 614 F.3d 591, 597 (6th Cir. 2010).

Here, even if the catalyst theory was viable, Plaintiffs are still not entitled the full measure of fees because the 1987 Consent Decree is still not enjoined. Specifically, the City currently has a motion pending in state court to modify the 1987 Decree to remove the "rule of four" and "double-fill" process consistent with the 1981 Decree. *Sentinel Police Association v. City of Cincinnati, et al.,* Case No. A-8704567 (Hamilton County Court of Common Pleas). However, the City's motion to modify was voluntary and precipitated by the actions of the United States and Judge Dlott's Order regarding the constitutionality of the parallel 1981 Decree, not the actions of Plaintiffs.

## 2. City's Calculations of Plaintiffs' Attorneys' Fees Based on Success Obtained

When the prevailing party achieves "only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonably hourly rate may be an excessive amount." *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 829 (6th Cir. 2013) (quoting, *Hensley*, 103 S.Ct 1993 at 436). The district court may instead consider the amount and nature of the relief awarded and "lawfully award low fees or no fees without reciting the twelve factors bearing on reasonableness or multiplying the number of hours reasonably expended by a reasonable hourly rate." *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (internal citations and quotations omitted). Courts have routinely recognized the appropriateness of utilizing an across-the-board cut by a certain

percentage as opposed to line-by-line reductions, *Hensley,* 461 U.S. at 436-37; *Coulter v. Tenn.,* 805 F.2d 146, 151 (6th Cir. 1986); *Northeast Coalition of the Homeless v. Brunner,* 2010 U.S. Dist. LEXIS 131009 (S.D. Ohio). This should be particularly true where, as in this case, there are voluminous billing records from six attorneys.

Below, Defendants have provided an illustration of the amount of fees and time expended on each part of the litigation to aid the Court in this calculation. Plaintiffs' billing records show that the attorneys performed 338.6 total hours of work for a requested fee award total of $205,652.43. However, as previously noted, from the beginning of the case until the Sixth Circuit's Decision on September 29, 2022, the vast majority of the work on this case concentrated on the requests for injunctive relief. As such, very little of the pre-Sixth Circuit work should be compensated as Plaintiffs were largely unsuccessful.

The chart below confirms the hours and fees for different parts of the case by attorney:

| Attorney | Total Approximate Attorney Hours and Fees Requested | Post-Sixth Circuit Hours and Fees | Approximate Percentage of Fees and Hours Spent After Denial of Injunctive Relief |
|---|---|---|---|
| Zachary Gottesman | $87,111.90<br>135.9 hours | $10,897<br>17 hours | 12.51 percent |
| Christopher Wiest | $73,789<br>130.6 hours | $4,689.50<br>7.32 hours | 6.36 percent |
| Robert Thumann (includes time for Lynne Longin) | $20,698.16<br>32.3 hours | $0<br>0 hours | 0 percent |

| Thomas Bruns (includes time for Cindy Shirooni) | $15,680 24.5 hours | $320 .50 hours (rounded up) | 2.04 percent |
|---|---|---|---|
| Total | $205,652.43 | $15,906.50 24.82 | 7.73 percent |

While the overall percentage of time expended by Plaintiffs' counsel on activities before and after the Sixth Circuit decision is a rough calculation, Defendants concede that some of the time was expended on work that bore on the claims' merits and are arguably compensable. However, a line-by-line review of the multiple billing records provided by Plaintiffs' attorneys is not necessarily suitable as the records are numerous and contain varying descriptions of the work performed. Moreover, even a cursory review reveals that the vast majority of the work was related to the unsuccessful injunctive relief claims.

Given the records and caselaw, Plaintiffs should be compensated for **20 percent** of the time expended before the Sixth Circuit denied injunctive relief and all time after. These reduced hours should then be multiplied by a reduced hourly rate discussed below to determine the fees appropriate and to avoid a windfall for Plaintiffs.

### A. Plaintiffs' Hourly Rates are Unreasonably High for the Prevailing Market and Should be Reduced.

The party seeking attorney fees bears the burden of proof on the number of hours and the rates claimed. The six attorneys who worked on this case charged

various hourly rates ranging from $410 to $641. These rates are unreasonably high and should be reduced.

When determining a reasonable hourly rate, "courts use as a guideline the prevailing market rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Gonter v. Hunt Valve Co., Inc.,* 510 F.3d 610, 618. A district court may rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests. *See B & G Mining, Inc. v. Dir., Office of Workers' Comp. Programs*, 522 F.3d 657, 664 (6th Cir. 2008); *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). "The appropriate rate, therefore, is not necessarily the exact value sought by a particular firm but is rather the market rate in the venue sufficient to encourage competent representation." *Gonter*, 510 F.3d at 618. While the Plaintiffs utilized the *Rubin* rates formula, the guidelines above have been endorsed by the courts.

Relying on the experience of this Court and other attorney fee awards in this District as a guide, the hourly rates should be reduced. Specifically, this Court in the recent case of *Butler v. City of Cincinnati, et al.,* Case No. 1:17-cv-00604 awarded attorney fees in the amount of $495 per hour where the City was a party, there were three amended complaints and twelve total counts, and an offer of judgment was made. The primary attorney in *Butler* was Randolph H. Freking, one of the preeminent civil rights attorneys in the area. Mr. Freking began practicing in 1982 and had thirty-nine years of experience at the time.

Similarly, in *Enoch v. Hamilton County Sheriff,* 2022 U.S. Dist. LEXIS 193312 (S.D. Ohio), after a jury verdict in a civil rights case the Court awarded Robert B. Newman, who falls into "the top category of competent and experienced civil rights attorneys, attorney fees at the rate of $500 per hour. *Id.* at 7 and FN 1. This award occurred in October 2022. At the time Mr. Newman, who began practicing in 1967, had nearly fifty-five years of practice.

This is not to say that Plaintiffs' counsel are not experienced and competent attorneys. However, their experience is significantly less than these two attorneys who received recent awards of fees in the Southern District at substantially lower rates than all but one of the attorneys in this matter., Given the fee awards to Mr. Freking and Mr. Newman, a reduction from the approximately $640 hourly rate to $500 is appropriate.

Based on the forgoing, the City calculates Plaintiffs' reasonable attorneys' fee to be $42,848. The table below outlines how the City calculates this amount.

| Attorney | Total Approximate Hours | Post-Sixth Circuit Hours | 20% of pre-Sixth Circuit Hours | Reduced Hourly Rate | Total |
|---|---|---|---|---|---|
| Zachary Gottesman | 135.9 Hours | 17 Hours | 135.9-17= 118.9 x 20%= 23.78 successful hours | $500 | 23.78 + 17= 40.78 Hours x $500= **$20,390** |
| Christopher Weist | 130.6 Hours | 7.32 | 130.6-7.32= 123.28 x 20%=24.656 successful hours | $500 | 24.65+7.32=31.97 Hours x $500= **$15, 988** |
| Robert Thumann (includes Lynne Longin) | 32.3 Hours | 0 | 32.3-0= 32.0 x 20%= 6.4 successful hours | $500 | 6.4 + 0= 6.4 Hours x $500= **$3,200** |
| Thomas Bruns | 24.5 | 0.5 | 24.5-.5=24 x 20%= 4.8 successful hours | $500 | 4.8 + 0.5= 5.3 Hours x $500 = **$2,650** |
| Cindy Shirooni | 6.2 | 0 | 6.2-0= 6.2 x 20% =1.24 successful hours | $410 | 1.24+ 0= 1.24 Hours x $500= **$620** |
| **TOTALS** | 329.5 | 25.82 Hours | 60.876 Successful Hours | | **$42,848** |

## CONCLUSION

In conclusion, the $205,652.43 in attorney fees that Plaintiffs seek is not reasonable because those fees: (1) were primarily generated on unsuccessful injunctive relief claims, which completely failed to achieve the Plaintiffs' objectives;

and (2) a comparison with recent attorney fee awards for long-tenured and well respected civil rights attorneys in this District demonstrate lower prevailing market rates; Wherefore, Defendants respectfully request that Plaintiffs' motion for attorney's fees and costs be reduced consistent with this memorandum.

Respectfully submitted,

**EMILY SMART WOERNER** (0089349)
City Solicitor

*s/ William C. Hicks*
William C. Hicks (0068565)
Chief Counsel
Katherine C. Baron (0092447)
Sr. Asst. City Solicitor
City Hall, Room 214
801 Plum Street
Cincinnati, Ohio 45202
Telephone: (513) 352-3329
Fax: (513) 352-1515
Email: William.Hicks@cincinnati-oh.gov
       Katherine.baron@cincinnati-oh.gov
Counsel for Defendants

## CERTIFICATE OF SERVICE

I certify that on May 16, 2024, a true and accurate copy of the foregoing Memorandum in Opposition to Plaintiff's Application for Attorneys' Fees and Costs was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ William C. Hicks*
William C. Hicks (0068565)