# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION – at Cincinnati

| | | |
|---|---|---|
| ANDREW MITCHELL, et. al. | : | Case No. 1:21-cv-00626-MRB |
|     Plaintiffs | : | |
| v. | : | |
| CITY OF CINCINNATI, et. al. | : | |
|     Defendants | : | |

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR ATTORNEY FEES AND COSTS

Plaintiffs, through Counsel, provide this Reply in support of their motion for attorney fees and costs. (Doc. 41).

**I.   Defendants misrepresent the nature of the significant relief to which they agreed and which was ordered in this case as a judgment against Defendants. Thus, the only remaining issue is the amount of the reasonable fees and costs owed by Defendants.**

Defendants begin with a fundamental misrepresentation of the facts and the law when they disingenuously argue that "Plaintiffs achieved nothing to change the legal relationship between the parties." (Doc. 42 at 2). That false argument ignores the fact that a *money judgment* for $150,000 was offered by Defendants, accepted by Plaintiffs, and entered on the docket as a judgment against Defendants. (Doc. 40). Defendants also ignore the fact that the same order confirms a judgment for reasonable attorney fees and costs against Defendants, with only the amount of those fees and costs "to be established by the Court". (Id.).

"As the Supreme Court has explained, civil rights plaintiffs seek to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms." *Hescott v. City of Saginaw*, 757 F.3d 518, 525 (6th Cir. 2014). Therefore, "Congress enacted §1988 specifically to enable plaintiffs to enforce the civil rights laws even where the amount of damages at stake

1

would not otherwise make it feasible to do so." *Id.* "A rule that eliminates attorneys' fees in civil-rights cases due to the size of the damages awarded [as Defendants here argue] would seriously undermine Congress' purpose in enacting §1988." *Id.* "We refuse to countenance a decision that does so today." *Id.* In fact, the Sixth Circuit has routinely upheld significant attorney fee awards even when damages were far smaller than the $150,000 entered as part of the judgment in this matter. *McHenry v. Chadwick*, 896 F.2d 184, 189 (6th Cir. 1990) (upholding award of attorney fees under §1988 that were five times greater than the damages awarded because "the value of the rights vindicated goes beyond the actual monetary award and the amount of the actual award is not controlling")

Where, as here, a plaintiff can point to success on a significant issue leading to a material legal alteration between the parties, then that plaintiff achieves "prevailing party status." *DiLaura v. Twp. of Ann Arbor*, 471 F.3d 666, 671 (6th Cir. 2006), cert. denied, 552 U.S. 1039 (2007). "A material alteration [in the parties' legal relationship] requires that '[t]he plaintiff obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement.'" *DiLaura*, 471 F.3d at 670 (quoting *Farrar v. Hobby*, 506 U.S. 103, 111 (1992)). This change in the parties' legal relationship must be court-ordered, and it must directly benefit the plaintiff "at the time of the judgment or settlement." *DiLaura*, 471 F.3d at 670. Here, there was a court ordered judgment against Defendants in the amount of $150,000. That significant judgment plainly qualifies Plaintiffs as prevailing parties.

### II. A $150,000 judgment is not a "marginal degree of success" and the hours expended here were reasonable

To the extent they even acknowledge it, Defendants argue that the $150,000 money judgment in favor of Plaintiffs was merely a "marginal degree of success." (Doc. 43 at 6-9).

2

And to support their false contention, Defendants argue that Plaintiffs did not achieve everything they sought in this matter, and specifically injunctive relief. Defendants argument is contrary to law.

First, Defendants misapprehend the meaning of "claim," and falsely suggest that alternative "forms of relief" for Defendants' violations of the Constitution are actually distinct "claims for relief." Incredibly, other than rank argument, Defendants offer no case law supporting their false contention that damages relief for a violation of equal protection is not based on the same set of underlying facts as injunctive relief for a violation of equal protection (probably because, as explained below, the existing case law is contrary to this argument). And, it is from this false premise that Defendants argue that because Plaintiffs did not prevail on injunctive relief, the $150,000 judgment entered against Defendants is merely a "marginal" degree of success. Defendants' argument is contrary to case law – and we know that in no small part because Defendants can point to <u>no case</u> where a six-figure judgment against a Defendant is held to be "marginal."

The reality is that Plaintiffs' <u>only</u> <u>claim</u> was that Defendants violated the Equal Protection Clause of the Fourteenth Amendment when Defendants made promotions based on race- and sex-based quotas. (See Doc. 1, Verified Complaint at pages 8-10, ¶¶ 38-45).

The Sixth Circuit in *Miller v. Caudill*, 936 F.3d 442, 449-450 (6th Cir. 2019) addressed the almost identical argument Defendants make here, and emphatically rejected it:

> To be sure, plaintiffs sought other forms of relief—including a permanent injunction, a declaratory judgment, damages, and more. But everything they sought arose from Davis's refusal to issue marriage licenses; they brought the same claim in multiple forms. And, as discussed above, *they succeeded on that claim*. A win is a win—regardless of whether the winner runs up the score. To prevail, then, plaintiffs didn't need to obtain duplicative relief in every form that they originally sought it. *Id.*

As in *Miller*, the only claim here is a violation of the Equal Protection Clause of the Fourteenth Amendment and, and just like the plaintiffs in *Miller*, Plaintiffs here "succeeded on that claim," to the tune of a $150,000 judgment. And as in *Planned Parenthood Sw. Ohio Region v. Dewine*, 931 F.3d 530, 544 (6th Cir. 2019), "the [Defendants] cite[] no precedent in support of this theory [that an award should be reduced because the Plaintiff did not achieve each and every form of relief originally requested]."

The Supreme Court has explained that a reduction of hours for unsuccessful claims is only appropriate where plaintiffs "fail to prevail on claims that were unrelated to the claims on which he succeeded." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). As *Hensley* made clear, "[m]any civil rights cases will present only a single claim." *Id.* at 435. And, "[i]n other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories." *Id.* "Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Id.* "Such a lawsuit cannot be viewed as a series of discrete claims." *Id.* "Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* "When claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney's fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced." *Thurman v. Yellow Freight Sys.*, 90 F.3d 1160, 1169 (6th Cir. 1996).

Likewise, analysis of *Simmons v. Debottis*, 1988 U.S. App. LEXIS 12715 (6th Cir. 1988) confirms that the Sixth Circuit has explicitly rejected the arguments Defendants make here. In *Simmons*, the Plaintiff sought $5,000,000 in compensatory and punitive damages from a false

arrest and malicious prosecution, but a jury only awarded $3,000. *Id.* The District Court then reduced the lodestar by 75% under a rationale that the verdict was "minimal success." On appeal, the Sixth Circuit reversed. While the amount of the verdict is one factor, the Sixth Circuit observed that it is "only one of many factors that a court should consider in calculating an award of attorney's fees." *Id.* Furthermore, any award should keep "in mind the concept of a 'private attorney general' effectuating a societal benefit in § 1983 and § 1988 actions." *Id.*

In the present case, Defendants ask this Court to engage in the exact same legally flawed analysis, and reduce time for unsuccessful (but related) forms of relief sought in the case. However, doing so would run counter to *Simmons*, *supra,* and *Miller*, 936 F.3d 442, 449-45. (Opposition, Doc. 43, at pp.10-12). Plainly, the Court should reject Defendants' invitation to commit reversable error.

Furthermore, a district court should consider the "quality of representation." *Simmons*, 1988 U.S. App. LEXIS 12715. Thus, "district courts must examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case. *Id.* "Once a plaintiff proffers an itemized and detailed bill, it is well-established that conclusory allegations that the hours are excessive and that counsel employed poor billing judgment do not suffice to undermine it." *Dowling v. Litton Loan Servicing, LP*, 2008 U.S. Dist. LEXIS 31669, 2008 WL 906042, at *4 (S.D. Ohio March 31, 2008), aff'd, 320 Fed.Appx. 442 (6th Cir. 2009). Of course, here, Defendants had an opportunity to rebut Plaintiffs' expert witness testimony supporting the reasonableness of the hours expended by Plaintiffs' counsel, yet they failed to do so, offering only mere conclusory allegations to this Court. Doc. 43.

"Again, given Plaintiffs' detailed documentation, and the district court's explanation of the award, Defendants' conclusory 'too many hours' allegations do not establish error."

*Northeast Ohio Coalition for the Homeless v. Husted*, 831 F.3d 686 (6th Cir. 2016). "Again, other than complaining about the numbers, Defendants offer no explanation why the hours are excessive." *Id.* "Such conclusory allegations do not provide us with any basis to discredit the district court's factual findings." *Id.* at 707. *Husted* involved a complaint by the defendants of excessive hours on particular days, including allegations of excessive hours of "15+ hours" for a task, and a complaint about too many 12-hour days. *Id.* at 709.

"However, other than aggregating the time spent on specific [days], Defendants offer no explanation why the hours were excessive." *Id.* "Thus, as the district court held, Defendants failed to meet their burden of establishing error in light of Plaintiffs' detailed records and the district court's findings." *Id., citing Imwalle v. Reliance Med. Prods.*, 515 F.3d 531, 553 (6th Cir. 2008). "Granted, numerous hours by more than several attorneys were billed for drafting and editing motions and briefs." *Id.* "But those submissions, prepared under extreme time pressure, helped the district court resolve the issues in this case in Plaintiffs' favor." *Id.* The same is true here: the ultimate resolution of this matter was due to the litigation vigorously pursued by Plaintiffs.

Once again, despite an expert declaration that the hours were reasonably incurred and related to the sole claim in this matter (see Dec. Kuhlman at Doc. 41-5), Defendants *only* offer their unsupported arguments and not a bit of contrary testimony. (Doc. 43). Case law is clear in such circumstances that this is no grounds to reduce an attorney-fee award. *Imwalle v. Reliance Med. Prods.*, 515 F.3d 531, 553 (6th Cir. 2008). While "the party seeking fees has 'the burden of providing for the court's perusal a particularized billing record,'" "[o]nce the prevailing party provides such a record, however, 'conclusory allegations that the award was excessive and that . . . counsel employed poor billing judgment . . . do not suffice to establish that there was error . . .,

particularly in light of the statements of the district court [explaining the award] and our standard of review.'" *Id.* *Imwale* also made clear that "[l]itigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing the fee." *Id.*

The standard of review for the time entries "is whether a reasonable attorney would have believed the work to be reasonably expended in the pursuit of success at the point in time when the work was performed." *Sweeney v. Crigler*, 2020 WL 7038977, *3 (E.D. Ky. Oct. 27, 2020) (citing *Human Rights Def. Ctr. v. Ballard*, 2020 WL 2513822, at *2 (E.D. Ky. May 15, 2020) (quoting *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990))). Here, Plaintiffs provided declarations for each of their counsel, and expert witness testimony, meeting that standard. In response, Defendants do not argue (or at least do not argue successfully) that any litigation or hours expended were not reasonable at the time they were undertaken. As such, no reduction in hours is appropriate.

### III. Defendants' attempts to use outdated market rates should be rejected

Based on two inapposite cases, Defendants argue that this Court should deviate downward from the requested and well-established (and awarded) *Rubin* rates. First, *Butler v. City of Cincinnati, et al.*, Case No. 1:17-cv-00604, based on November, 2020 rates. An inflationary adjustment alone reveals that the $495 in that case (which was all the Plaintiffs' Counsel sought), is $596 today.[1] And, using the *Rubin* rates, Mr. Freking was entitled to $547 per hour, but only sought $495. That does not establish that the market rates, or the *Rubin* rates, were not higher.

---

[1] https://data.bls.gov/cgi-bin/cpicalc.pl?cost1=495.00&year1=202011&year2=202404

7

Next, *Enoch v. Hamilton County Sheriff*, 2022 U.S. Dist. LEXIS 193312 (S.D. Ohio 2022), another case where the attorneys only sought $500 per hour, even though the magistrate judge evaluated the rates sought under the *Rubin* rates and noted that an award of up to $616 was within market. *Id.* at fn. 3.

In the present matter, the attorneys seek hourly rates in accordance with the matrix established by a committee established by Judge Rubin (known as the *Rubin* rates), which repeatedly have been affirmed by judges in this District.[2] As the Sixth Circuit has explained it, the *Rubin* Committee rates are "a list of pre-calculated billing rates tiered by years of experience" to determine a reasonable rate for the area. *Linneman v. Vita-Mix Corp.*, 970 F.3d 621, 630 (6th Cir. 2020). These rates are adjusted with a 4% per year cost of living adjustment from a base 1983 matrix. *QFS Transp., LLC*, 2023 U.S. Dist. LEXIS 61982; *Hunter*, No. 1:10-cv-820, 2013 U.S. Dist. LEXIS 141297, 2013 WL 5467751, at *17.

Here Plaintiffs' counsel seek their respective Rubin rates. And nothing Defendants have filed demonstrates that these rates are not appropriate.

The 2024 *Rubin*[3] rates are (rounded to the nearest penny):

---

[2] *QFS Transp., LLC v. Huguely*, 2023 U.S. Dist. LEXIS 61982 (SDOH 2023); *Cooley v. Aevum Hotels, LLC*, No. 1:21-cv-00798, 2022 U.S. Dist. LEXIS 137958, 2022 WL 3042590, at *6 (S.D. Ohio Aug. 2, 2022); *Planned Parenthood Sw. Ohio Region v. Ohio Dep't of Health*, No. 1:21-cv-00189 (S.D. Ohio Apr. 8, 2021) (Doc. 22)7; *Ball v. Kasich*, No. 2:16-cv-282, 2020 U.S. Dist. LEXIS 100265, 2020 WL 3050241, at *2 (S.D. Ohio June 8, 2020); *Doe v. Ohio*, No. 2:91-cv-00464, 2020 U.S. Dist. LEXIS 24826, 2020 WL 728276, at *10 (S.D. Ohio Feb. 12, 2020); *Gibson v. Forest Hills Sch. Dist. Bd. of Educ.*, No. 1:11-cv-329, 2014 U.S. Dist. LEXIS 96112, 2014 WL 3530708, at *6 (S.D. Ohio July 15, 2014); *Hunter v. Hamilton Cty. Bd. of Elections*, No. 1:10-cv-820, 2013 U.S. Dist. LEXIS 141297, 2013 WL 5467751, at *17 (S.D. Ohio Sept. 30, 2013); *Georgia-Pacific LLC v. Am. Int'l Specialty Lines Ins. Co.*, 278 F.R.D. 187, 192 (S.D. Ohio 2010) (*citing West v. AK Steel Corp. Retirement Accumulation Pension Plan*, 657 F. Supp. 2d 914, 932 n.4 (S.D. Ohio 2009)).

[3] Current year rates are awarded because they are "a reasonable way to account for the delay in payment to plaintiff's attorneys while this case has been pending." *Lankford v. Reladyne, LLC*, 2016 U.S. Dist. LEXIS 85003 at *10 (SDOH 2016); *Barnes v. City of Cincinnati*, 401 F.3d 729, 745 (6th Cir. 2005) (using the "current" market rate in calculating plaintiff's attorney fees

| Attorney descriptor with years of experience | 1983 base rate | 2024 adjusted rate (with 4% per year COLA) |
|---|---|---|
| Senior Partner (21 years +) | $128.34 | $640.81 |
| Partner (11-20 years) | $113.43 | $566.36 |
| Junior Partner (6-10 years) | $96.39 | $481.28 |
| Sr. Associate (4-5 years) | $82.81 | $413.48 |
| Associate (2-4 years) | $71.62 | $357.60 |
| Jr. Associate (0-2 years) | $61.77 | $308.42 |
| Paralegals | $37.91 | $189.28 |
| Law clerks | $23.96 | $119.63 |

Defendants have not cited a single case in this jurisdiction that rejects the Rubin rates, or that establishes that the Rubin rates are not the market rates. Rather, such rates commonly are awarded and well-within market.

**IV. Defendants do not challenge the out of pocket costs and they should be awarded**

In addition to attorney fees, 42 U.S.C. 1988, as well as the agreed judgment in this matter, authorize the Court to award reasonable costs and expenses. *See, also*, *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013). The Sixth Circuit has stated that, pursuant to § 1988, a court has the "authority to award those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client in the course of providing legal services." *Northcross v. Board of Ed. of Memphis City Sch.*, 611 F.2d 624, 639 (6th Cir. 1979). Those costs in this matter involve service of process fees, court reporter fees, filing fees, and PACER charges to support an appeal. The $3,021.40 in requested costs are reasonable and customary. And Defendants do not challenge them. They should be awarded.

---

"because the litigation had been ongoing for nearly six years; Gonter v. Hunt Valve Co., Inc., 510 F.3d 610, 617 (6th Cir. 2007) (awarding 2004 rates for work done in 2001, 2002, and 2003 to compensate the firm for waiting several years for payment); *Bank One, N.A. v. Echo Acceptance Corp.*, 595 F. Supp. 2d 798, 801 (SDOH 2009);

## **CONCLUSION**

The Court should award Plaintiffs $205,652.43 in reasonable attorney fees, and $3,021.40 in reasonable costs.

Respectfully submitted,

/s/Zachary Gottesman
Zachary Gottesman (0058675)
Gottesman & Associates, LLC
9200 Montgomery Road, Bldg. E, #18B
Cincinnati, Ohio 45202
Tel.:   513/651-2121
Fax:   513/568-0655
zg@zgottesmanlaw.com

/s/ Christopher Wiest
Christopher Wiest (0077931)
Chris Wiest, Atty at Law, PLLC
50 E. Rivercenter Blvd, Ste. 1280
Covington, KY 41011
Tel:   513/257-1895
Fax:   859/495-0803
chris@cwiestlaw.com

/s/Robert J. Thumann
Robert J. Thumann (0074975)
Crehan & Thumann, LLC
404 East 12th Street, Second Floor
Cincinnati, Ohio 45202
Tel.:   513/381-5050
thumann@ctlawcincinnati.com

/s/Thomas Bruns
Thomas Bruns (0051212)
Bruns, Connell, Volmar, Armstrong
4555 Lake Forest Dr., Ste. 330
Cincinnati, Ohio 45242
Tel: 513/312-9890
tbruns@bcvalaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon all counsel of record, this 21 day of May, 2024, via CM/ECF.

/s/ Christopher Wiest